NO. 07-02-0156-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 14, 2002

_____

ERIC DARNELL BOULDWIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 230TH DISTRICT COURT OF HARRIS COUNTY;

NO. 873010; HONORABLE JOAN CAMPBELL, JUDGE

_____

Before REAVIS and JOHNSON, JJ., and BOYD, SJ.

ON ABATEMENT AND REMAND

On April 19, 2001, upon his plea of guilty, appellant Eric Darnell Bouldwin was adjudged guilty of the offense of possession of a controlled substance weighing more than four grams but less than 200 grams. In accordance with a plea bargain, he was placed on probation (community supervision) for a period of three years. On February 19, 2002, after

hearing, appellant's probation was revoked and he was ordered to serve a three-year sentence in the Institutional Division of the Department of Criminal Justice and, in addition thereto, he was ordered to pay a fine of $500. On that same day, appellant filed a pro se notice of appeal.

On April 22, 2002, we received the clerk's record in the case. However, we have never received a reporter's record, nor have we received a motion for extension of time to file that record. On June 5, 2002, we notified appellant that we had not received an appellant's brief in this matter, which was due on May 22, 2002. After receiving the letter, appellant requested an extension of time which was granted until August 12, 2002. However, as of this date, we have not received a brief, nor a motion for extension of time to file the brief. We have also previously advised appellant that if no satisfactory responses were received, it would be necessary to abate the appeal to the trial court pursuant to Tex. R. App. P. 38.8. We have received no response to that notification.

This state of events necessitates a hearing to avoid further delay and preserve the parties' rights. *See* Tex. R. App. 38.8(b). Accordingly, we abate this appeal and remand to the 230th District Court of Harris County for hearing. Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

> 1. Whether appellant has abandoned his appeal, and if not, whether appellant is indigent and if the appointment of an attorney is necessary. If an attorney is appointed, the name, address, and State Bar of Texas identification number of the attorney appointed should be provided to this court.

2. If appellant is not indigent and has failed to make arrangements to prosecute his appeal, what orders are necessary to ensure those arrangements are made.

3. Whether any other orders are steps are needed to ensure the diligent and proper pursuit of appellant's appeal.

In support of its determination, the trial court will prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. Those supplemental records shall be submitted to the clerk of this court not later than November 14, 2002.

It is so ordered.

Per Curiam

Do not publish.